## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUAN B. WILKINS,

            Petitioner,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,

            Agency.

DOCKET NUMBER
CB-1205-16-0020-U-1

DATE: September 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Juan B. Wilkins</u>, Natchez, Mississippi, pro se.

<u>John P. Gniadek</u> and <u>Robin Jacobsohn</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The petitioner asks the Board to conduct a regulation review of a policy of his former employer, the Pentagon Federal Police Agency (PFPA), which he alleges has denied him due process and the equal protection of the laws. For the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we DENY the petitioner's request for lack of jurisdiction.

## DISCUSSION

¶2    The Board has original jurisdiction to review rules and regulations promulgated by the Office of Personnel Management (OPM).  5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has the authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice.  5 U.S.C. § 1204(f)(2)(B).

¶3    The Board's regulations require an individual requesting a regulation review to identify the challenged OPM regulation.  This is part of the information that is required to state a case within the Board's jurisdiction.  5 C.F.R. § 1203.11(b)(1).  Here, the petitioner is challenging PFPA Policy 5525.02, an agency rule that he asserts adversely affects retired Pentagon Federal police officers in that it excludes such individuals who retired prior to 2002 from the agency's data bank of retired officers.  Because the petitioner is not challenging an OPM regulation, or an agency action implementing such a regulation, his claim is not one within the Board's regulation review jurisdiction under 5 U.S.C. § 1204(f).  Accordingly, the petitioner's request for regulation review is denied.

¶4        This is the final decision of the Merit Systems Protection Board in this proceeding.   Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.